■ FINANCIAL & REAL ESTATE CONSULTING Co., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60442.)—Appeal from (1) an order of the Court of Claims, entered January 18, 1977, which granted summary judgment to the claimant, and (2) the judgment entered thereon. The present claim is for breach of contract for failure of the State to return a $50,000 deposit which claimant, Financial & Real Estate Consulting Co., made in connection with a proposed mortgage loan of $18,000,000 to be made from the New York State Employees' Retirement System (hereinafter ERS) to a group of entrepreneurs (hereinafter applicants). The claimant's check for the deposit bore on its face a legend: "Re: Tempe Mall—Good Faith Deposit

Subject to terms and conditions agreed upon. If loan is not consummated $50,000 is to be returned to Financial and Real Estate Consulting Co. at address shown." During the ensuing negotiations to finalize the terms of the loan and mortgage, the ERS on March 2 sent a revised draft of a commitment letter to the loan applicants which stated the draft would be effective for only 15 days. The applicants never responded to this communication which had restated terms previously negotiated. The applicants were informed by ERS that the loan commitment was no longer effective and the $50,000 deposit was to become unconditional property of ERS. Claimant demanded return of the deposit. Upon ERS's failure to return the moneys, claimant sued ERS for breach of contract and, subsequently, moved for summary judgment. The motion was granted without any express findings. The court stated, "upon the foregoing papers, this motion is granted." The State claims that the scantiness of the decision makes judicial review impossible. We disagree. It can be concluded that the Court of Claims by virtue of its decision found no triable issues of fact. The record on appeal contains the papers presented on the motion to the trial court. Consequently, the essentials necessary for review are before this court. CPLR 3212 (subd [b]) states, in pertinent part, that summary judgment "shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages." The threshold issue before us is whether a question of fact was presented as to the interpretation of the indorsement on the check. Ordinarily, the court is called upon to interpret written instruments. Where the question of intention is determinable by written agreements, the question is one of law and appropriate for resolution by way of summary judgment (*Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342). When the intent must be gleaned from evidence in controversy or inferences outside the written words of the instrument a question of fact is presented and summary judgment will not lie. Claimant's indorsement on the check implies by its very language the presence of "terms and conditions" outside the document. This is a factual issue requiring resolution by way of a trial. Claimant contends that there is no factual issue as to the applicants' good faith since the ERS failed to issue a binding commitment and the applicants were justified in removing themselves from the negotiations. The ERS contends that the deposit was made to insure a continuum of good faith until the mortgage was consummated. There clearly exists an additional issue of fact as to the applicants' reason for nonacceptance of the communication of March 2 from the ERS and whether this nonacceptance was in "good faith". Claimant further avers that it is neither a borrower nor a party to the agreement concerning the proposed $18,000,000 loan and, therefore, is not bound by or involved in the defenses or set-offs claimed between the parties. The State contends otherwise. We conclude that there are factual questions to be resolved as to this issue as well. The claimant's role in the application process is far from clear. Claimant has characterized its role variously in the documents before the court on the motion. There remains for resolution the question of what its role was. Additionally, a factual issue arises as to whether it is bound by the action of the applicants in aborting the negotiations by failing to answer ERS's communication of March 2 and the effect of that action on the question of "good faith". Summary judgment is a drastic remedy to be granted only where there are clearly no factual issues to be resolved. There exist in this case several factual issues requiring resolution by trial. Order and judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.