■ LOUISE RIEKE, as Executrix of WILLIAM RIEKE, Deceased, Appellant-Respondent, v HOLMES RIEKE, Respondent-Appellant, and LONDON PARKING, INC., Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered August 9, 1977 in Essex County, which denied motions for summary judgment. 422 West 15th Street, Inc., was formed in 1938 as a domestic corporation. At that time, Holmes Rieke (Holmes), William Rieke (William) and Philip Herrman (Herrman), each received one and one-half shares of "organization" stock. It appears from the record that in 1946 William's shares were assigned to Holmes. It is uncontroverted that from 1946 until December, 1950 William had no connection with the said corporation. Basically, 422 West 15th Street, Inc., was a real estate holding corporation which owned one asset, a garage at 422 West 15th Street in Manhattan. The operating company was known as United Auto Combined, Inc. Although the garage, under the management of Holmes and Herrman, was apparently quite successful, the principals concluded in 1950 that William's entry into the operation would be beneficial. By letter, dated December 1, 1950, the interpretation of which is in issue herein, the Rieke brothers agreed to a transfer of 50% of Holmes' stock in both corporations to William. The letter, apparently sent from Holmes to William and signed by both, read as follows: "This letter will confirm our understanding that fifty percent (50%) of any stock interest I own in the United Auto Combine[d], Inc. and the 422 West 15th Street Corporation is your property, which cannot be turned over to you at this time due to various stockholders' agreements between Mr. Philip Herrman and myself. Any profits or dividends paid on said stock will be divided equally between us. This letter shall not be deemed enforceable by you as against the Company, but only as against myself and my estate, and shall be construed as a binding agreement between us. In the event of the sale of the stock or any portion

thereof, I agree to divide the proceeds of said sale with you. It is also my understanding that you will not in any way endeavor to interfere with the operation of the businesses represented by the stock, and in the event of your prior death, this agreement shall be deemed null and void, and the stock and your estate will not have any claim thereto." In 1955 the 422 West 15th Street, Inc., corporation purchased Herrman's stock and returned it to the treasury. Payment was made by the corporation. On the date of the closing, August 5, 1955, Holmes and William established a voting trust agreement for the stock in both corporations. This agreement, which makes no mention of the December 1, 1950 letter, lists both Holmes and William as trustees, but only Holmes as a shareholder in the corporations. By instrument dated November 14, 1958, executed by Holmes as president of United Auto Combined, Inc., said corporation applied for taxable status under subchapter S of the Internal Revenue Code. The election form, supplemented by attached letters signed by both of the Riekes, indicated that each owned 50 shares of the stock in said corporation. In 1963 Holmes filed a gift tax return with the Internal Revenue Service wherein he indicated that he made a gift of four shares of stock in 422 West 15th Street, Inc. to William on January 2, 1963. In July, 1963 both corporations sold their assets to Lin-Dan Garage Corporation for $500,000. As part of the consideration, 422 West 15th Street, Inc., took back a purchase-money mortgage for $400,000. Pursuant to assignment dated December 30, 1963, Holmes and William personally acquired respective one-half interests in the mortgage. The 422 West 15th Street, Inc., corporation was dissolved in 1963 and the certificates of dissolution, executed by Holmes as president, stated that Holmes and William were the holders of record of all the outstanding shares of stock entitled to vote on the dissolution. There was no mention of the December 1, 1950 letter in either the assignment or the certificate of dissolution. It appears that from December, 1963 to October, 1975 all payments on the mortgage were sent to William, who sent one half of the moneys to Holmes. Subsequent to William's death on October 13, 1975, however, Holmes made claim to the total proceeds of the mortgage on the basis of the December 1, 1950 letter. This is an action for declaratory judgment brought by the executrix of William's estate to ascertain her rights under the terms of the December 1, 1950 letter-agreement and the subsequent assignment. Defendant, London Parking, Inc., is a stakeholder in this action, having acquired all of the interest of Lin-Dan Garage Corporation in the assets formerly owned by 422 West 15th Street, Inc., and United Auto Combined, Inc., subject to the said mortgage. Upon these basic facts, the plaintiff-executrix and defendant Holmes each moved for summary judgment. Special Term denied both applications upon a finding of material issues of fact. We agree with Special Term. On these appeals the plaintiff contends that the assignment of the mortgage to Holmes and William, which made no reference to the December 1, 1950 letter, vested absolute and unqualified title to both as tenants in common. Plaintiff also cites the third paragraph of the subject letter, which provides: "In the event of the sale of the stock or any portion thereof, I agree to divide the proceeds of said sale with you." Defendant Holmes, on the other hand, cites the following language from the letter: "in the event of your [William's] prior death, this agreement shall be null and void, and the stock and your estate will not have any claim thereto." Holmes argues that since the joint ownership of the stock established by the first paragraph of the letter terminated only when William died first, the assignment was properly made to both brothers. Arguing that the transfer of stock by the letter was a gift, Holmes asserts that a constructive trust

was created and that William's estate would be unjustly enriched if allowed to retain a one-half interest in the mortgage. This court, as was Special Term, has been presented with an agreement which is ambiguous. By emphasizing either the third or the fourth paragraph of the December 1, 1950 letter, we would reach varying results. We do not find the above-recited actions of the parties with respect to the subject matter of the letter to be such as to amount to a practical construction (see 10 NY Jur, Contracts, § 221). Accordingly, the ascertainment of the intention of the parties is, as found by Special Term, a question of fact for the jury (10 NY Jur, Contracts, § 190; *Financial & Real Estate Consulting Co. v State of New York,* 63 AD2d 802). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane Larkin and Herlihy, JJ., concur.