■ C. A. S. ENTERPRISES, INC., Respondent-Appellant, v E. RUTH NEWMAN, Appellant-Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered January 9, 1978 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's motion for partial summary judgment dismissing the counterclaim. Plaintiff sued the defendant to recover the balance of its real estate commission. Defendant denied that any commission was due in her answer to the complaint and counterclaimed to recover the $2,000 deposit in plaintiff's possession. On September 2, 1977 defendant moved for summary judgment dismissing the complaint and for summary judgment in her favor on the counterclaim on the ground that her contract with the plaintiff had provided that plaintiff would not be entitled to any commission unless and until title closed, that plaintiff received $2,000 as a deposit and that the purchasers procured by plaintiff have failed and refuse to complete the transaction. Plaintiff, in its answering affidavit, claimed that the commission would be earned upon plaintiff's production of a ready, willing and able buyer; and that, even if the commission had been conditioned on title passing, defendant's failure to furnish marketable title waived this condition thereby entitling plaintiff to the $2,000 deposit. The Court of Appeals has said that summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos,* 46 NY2d 223). A review of the documents supplied on the motion by plaintiff and defendant leads to the conclusion that the intention of the parties as to when the commission was to be paid is ambiguous and must be gleaned from evidence other than written

documents. There is, therefore, a question of fact to be resolved and summary judgment was properly denied by Special Term *(Financial & Real Estate Consulting Co. v State of New York,* 63 AD2d 802). Order affirmed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.