■ MILTON CROMME et al., Respondents, v PIONEER HOMES et al., Appellants. [627 NYS2d 847] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 28, 1994 in Schenectady County, which denied defendants' motion for, *inter alia*, summary judgment dismissing the complaint.

Defendant Richard Paull, doing business as defendant Pioneer Homes, sells logs and building materials to individual purchasers to enable them to construct log homes. Plaintiffs executed a sales agreement with defendants dated November 21, 1987 to purchase lumber and materials necessary to construct a home. The sales agreement, printed on Pioneer Homes stationery, identifies John Demars as "Dealer" and "Sales Representative". Demars was paid a finder's fee of approximately $4,500 for procuring plaintiffs' purchase from defendants. On November 29, 1987 plaintiffs executed a building agreement with Pine Valley Construction, a business owned and operated by Demars; plaintiffs also retained the contracting services of Francis Amlaw to construct their home.

Defendants delivered all of the building materials specified in the sales agreement to plaintiffs, with the exception of two interior doors. Plaintiffs tendered payment to defendants pursuant to terms of the sales agreement, except the final payment of $3,989.80. Upon completion of construction of the home, plaintiffs allege that the home was substantially defective and uninhabitable. Plaintiffs further allege that defendants represented that (1) Pine Valley Construction and Pioneer Homes were one in the same, (2) John Demars was a builder for Pioneer Homes, and (3) Francis Amlaw was a representative and builder for Pioneer Homes. Plaintiffs commenced the instant action for breach of contract, breach of express and implied warranties, fraud and negligence. Defendants answered and counterclaimed. Defendants' motion for summary judgment dismissing the complaint and granting a judgment on the counterclaim was denied by Supreme Court. Defendants appeal.

On a motion for summary judgment, "the issue is not whether plaintiffs can ultimately establish liability, but, rather, whether there exists a substantial issue of fact in the case on the issue of liability which requires a plenary trial" (*Barr v County of Albany*, 50 NY2d 247, 254; *see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). The record, including plaintiffs' affidavits, the sales agreement which indicates a relationship between Pioneer Homes and Demars, and defendants' letter dated August 25, 1988 to Amlaw, which describes Amlaw as a "builder or representative for Pioneer Homes", clearly supports Supreme Court's determination that issues of fact exist (*see, C. A. S. Enters. v Newman*, 70 AD2d 981). Summary judgment was therefore properly denied.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.