GENERAL METER SERVICE CORPORATION, Plaintiff, *v.* MANUFAC-
TURERS TRUST COMPANY, as Trustee, Defendant.

Supreme Court, Special Term, Kings County, April 10, 1943.

*Arthur D. Schlechter* for defendant.

*Leon J. Shapiro* and *Irving Leavitt* for plaintiff.

FROESSEL, J. Defendant moves to dismiss the complaint for legal insufficiency, pursuant to rule 106 of the Rules of Civil Practice or, in the alternative: (1) for an order, under rule 102 of the Rules of Civil Practice, requiring the plaintiff to make the complaint more definite and certain with respect to paragraph " Thirty-ninth " of the complaint, and (2) to require the service of an amended complaint pursuant to rule 90 of the Rules of Civil Practice which will separately state and number the causes of action stated in the complaint.

The action is for damages, and involves a certain submetering agreement relating to the supply of electric current to a six-story-and-basement store and loft building at 1–25 Junius Street, Brooklyn. The agreement was entered into between the plaintiff and the then owner of the said premises, East New York Terminal Buildings, Inc., on January 2, 1933. Neither the defendant here, nor any of its predecessors, was a party to said written agreement. By its terms, the said agreement was to continue until January 1, 1938, and further provided that if either party thereto did not exercise the privilege of termination within sixty days prior to its expiration, "then this agreement

shall automatically renew itself for a period of ten years."
Such privilege was not exercised.

On January 2, 1938, East New York Terminal Buildings, Inc.,
was still the owner of said premises, but in the meantime and
on April 19, 1935, it had executed an assignment of rents for the
benefit of the holder of a $347,500 mortgage on said premises.
Simultaneously with the delivery of said assignment, however,
the said East New York Terminal Buildings, Inc., was appointed
agent for the collection of rents and the management and opera-
tion of the said premises. It acted as such until March 6, 1939,
when it was replaced by another agent, Harry M. Lewis Co., Inc.

Thereafter, the said mortgage was foreclosed, the then holder
of the mortgage, The Mortgage Corporation of New York, as
trustee for certificate holders, becoming the owner on July 8,
1940, and the new agent, Harry M. Lewis Co., Inc., continuing
in the management and operation of said premises. Several
months later, and on March 13, 1941, the said new owner, having
prior thereto entered into a submetering agreement with another
corporation, notified plaintiff that it would no longer be per-
mitted to perform the terms of its submetering agreement.
Thereafter the defendant herein became the owner of the afore-
said premises by merger with The Mortgage Corporation of
New York.

The plaintiff further alleges that although neither the defend-
ant nor its predecessors were parties to the first submetering
agreement, annexed to the complaint, they are liable to the
plaintiff because (a) they knew or should have known of the
existence of said agreement and its automatic renewal; (b)
plaintiff maintained its equipment in said premises, performed
its part of the said agreement, and was in open and notorious
possession of a substantial portion of said premises until March
13, 1941; (c) the defendant's predecessor received and accepted
from the plaintiff the benefits of said submetering agreement
from April 19, 1935, to March 13, 1941; (d) the leases and
tenancy agreements of the occupants of said premises provided
for the furnishing of electric current " under a sub-metering
arrangement " during the said period; (e) the plaintiff was
not made a party defendant in the foreclosure action; (f) in
an action by defendant's predecessor against the former owner
to recover moneys claimed to have been collected by said former
owner as agent for said defendant's predecessor, the latter
" alleged and claimed that the sub-metering agreement afore-
said was a valid and binding agreement between itself and the
plaintiff "; and (g) by reason of the foregoing, the defendant's

predecessor, The Mortgage Corporation of New York, whose obligations defendant assumed under the merger, "ratified, adopted and confirmed the said sub-metering agreement as its own agreement."

Plaintiff in its brief urges that these allegations constituted a novation, whereby the defendant was substituted for the prior owner, East New York Terminal Buildings, Inc., as a party to the submetering agreement. The defendant, on the other hand, contends that no sufficient cause of action is pleaded against it, and I am constrained to agree. Certainly, mere knowledge of the submetering agreement, the maintenance by the plaintiff of its equipment in said premises, the acceptance by both parties of the benefits of said agreement, and the fact that leases provided for the furnishing of electric current "under *a* sub-metering *arrangement*", do not charge the defendant or its predecessor, who never were parties to that agreement for the furnishing of submetering service, as upon a covenant of assumption of its terms.

As was said by our Court of Appeals with respect to the furnishing of another type of service, in *Title G. & T. Co.* v. *457 Schenectady Ave.* (260 N. Y. 119, 127, revg. 235 App. Div. 509 and affg. 142 Misc. 755): "*As to a grantee of the property all agree,* as do the able counsel in this case, *that he takes free from any obligation to pay his grantor's debt* for water service and the water company cannot discontinue the supply of water so long as the present owner pays for his own user." (Italics mine.) So here, where no public utility required to give service is involved, the defendant takes free from any obligation of the former owner as to the balance of the ten-year renewal period, excepting insofar as it has actually availed itself of the benefits of said agreement.

Moreover, there is no allegation in the complaint that the agreement was recorded. It did not constitute a covenant running with the land. (*Neponsit P. O. Assn.* v. *Emigrant Ind. Sav. Bank,* 278 N. Y. 248.) There was, therefore, no reason why the plaintiff should have been joined in the foreclosure action. Nor is the allegation in paragraph "Thirty-fifth" of the complaint, to the effect that in other litigation defendant's predecessor "alleged and claimed that the sub-metering agreement aforesaid was a valid and binding agreement between itself and the plaintiff", helpful to plaintiff here. In the first place, this is merely a conclusion. Second, so long as the defendant or its predecessor availed itself of the benefits of said agreement, it was required to respect its terms, and this includes the

period embraced in said litigation. Third, it is clearly manifest that its future validity and binding effect were in no wise intended, for three months earlier defendant's predecessor had actually notified the plaintiff that the latter would no longer be permitted to continue in the premises.

The question remains whether the facts alleged plead a novation, whereby the defendant was substituted for the prior owner as a party to the submetering agreement. It has been held in *Inman* v. *Burt Co.* (124 App. Div. 73, affd. 195 N. Y. 558): " To constitute a contract of novation the original indebtedness or obligation must be *extinguished*. There must be a *mutual agreement among the parties to the old and the new obligation,* whereby the new obligation is substituted for the prior one." (Italics mine.) And so in *Albert* v. *Parking Stations of New York, Inc.* (235 App. Div. 682, affd. 260 N. Y. 532), the court reversed a judgment in favor of the plaintiff, asserting as one of the grounds therefor " that the transaction did not constitute a novation, since the original obligor was not released. (*Leggat* v. *Leggat,* 79 App. Div. 141; *Inman* v. *Burt Co.,* 124 App. Div. 73; affd. 195 N. Y. 558, *supra; Rogers* v. *Thomson,* 215 App. Div. 541.) "

It does not appear from the allegations of the complaint that there was such mutual agreement among the parties to the old and the new obligation, express or implied, whereby the new obligation was substituted for the prior one, nor does it appear that the original obligation of East New York Terminal Buildings, Inc., was extinguished. Under the circumstances, the motion to dismiss the complaint for legal insufficiency must be granted, with leave to plaintiff to plead over within twenty days after service of a copy of the order to be entered hereon, with notice of entry, if it be so advised. In view of this disposition, the alternative branches of the motion require no consideration.

Settle order.