■ SENROW CONCESSIONS, INC., Respondent, v. SHELTON PROPERTIES, INC., et al., Defendants, and JULES MAYER et al., Individually and as Copartners Doing Business under the Name of SHELTON BUILDING Co., et al., Appellants.— Orders entered on October 7, 1960, denying summary judgment to defendants-appellants unanimously reversed, on the law, and on the facts, with $20 costs and disbursements to appellants and motions for summary judgment granted, with $10 costs. The agreement of February 14, 1955, between plaintiff and Proser Enterprises, Inc., and that of February 18, 1955, between plaintiff and Shelton Properties, Inc., constituted a concession only and plaintiff was consequently a licensee without interest in the realty (*People* v. *Horowitz*, 309 N. Y. 426; *Kaypar Corp.* v. *Fosterport Realty Corp.*, 1 Misc 2d 469, affd. 272 App. Div. 878). Knowledge of these agreements did not affect appellant's rights to acquire the leasehold unaffected by plaintiff's license (*Bermann* v. *Windale Props.*, 4 A D 2d 746; *General Meter Serv. Corp.* v. *Manufacturers Trust Co.*, 182 Misc. 184, affd. 267 App. Div. 992). Appellants' action is therefore proper and not an illegal interference with plaintiff's contract. The facts adduced do not provide any basis for a claim of prima facie tort against appellants and actually negate any such claim. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.