Van Voobhis, J.
Regardless of whether appellant be deemed to have assumed the lessee’s obligations under this lease of air-conditioning equipment, the cases hold that having taken possession of the leased property under the circumstances disclosed by the record, appellant became at least an assignee, and, therefore, liable for payment of the accelerated balance of rent without assumption of the lease (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87; Frank v. New York, L. E. & W. R. R. Co., 122 N. Y. 197; Mann v. Munch Brewery, 225 N. Y. 189; General Meter Serv. Corp. v. Manufacturers Trust Co., 182 Misc. 184, *4 affd. 267 App. Div. 992; Tel-Hotel Corp. v. Lexnott Corp., 205 Misc. 576). In this instance, to the knowledge of appellant at the time when it acquired this apartment house and took possession of the air-conditioning equipment leased from respondent, the rental for the balance of the term of the lease had already become due and payable. Consequently, by insisting upon retention of possession of this leased equipment, appellant became in law an assignee of the lease and thereby bound to payment of the rent accrued for the balance of the term. There was no illegality in the acceleration clause whereby the rent for the balance of the term became due prior to appellant’s entry into possession (Belnord Realty Co. v. Levison, 204 App. Div. 415).
The order appealed from should be affirmed, with costs.