■ FIFTY STATES MANAGEMENT CORPORATION, Appellant, et al., Plaintiff, v PIONEER AUTO PARKS, INC., et al., Respondents, et al., Defendant.— Judgment affirmed, with costs. Denman, J., not participating. Memorandum: The record supports the findings as stated in the decision below. We concur with Special Term's conclusion that, taken in context with the entire lease and under the particular circumstances of this case, paragraph "Twentieth" (which provides that the rent for the entire 20-year term, $1,250,400, or the portion remaining unpaid, should at once become due and payable, without notice and demand, upon the failure to pay any monthly installment in rent) effected an unconscionable forfeiture of the rights of respondents. Concededly the rental installment due on August 1 was timely mailed but to the wrong address as a result of a typographical error. On August 20 at a meeting scheduled by plaintiff-appellant to discuss the delinquency, respondents were served with the summons and complaint in the instant action demanding the total amount of the rent due. Because of the length of the lease and the resulting substantial loss in interest to respondents by requiring payment of $1,250,400 at the beginning of the term instead of $62,500 annually in monthly installments over the 20-year period, we believe *Graf v Hope Bldg. Corp.* (254 NY 1) and *Belnord Realty Co. v Levison* (204 App Div 415) cited in the dissent are distinguishable. We note also that the effect of declaring the total of $1,250,400 rental due under paragraph "Twentieth" is to foreclose the lessee's rights to exercise its option to purchase the premises under paragraph "Twenty-third" for a total of $1,300,000. All concur, except Schnepp, J., who dissents and votes to reverse the judgment and remand the matter for assessment of damages in the following memorandum: In this action, Fifty States Management Corporation, the lessor of a 20-year commercial lease, containing an acceleration clause, seeks to recover from Pioneer Auto Parks, Inc., the lessee, and John Lyon, the guarantor, future rent for the 19-year and 8-month balance of the lease's term following a default in the payment of a monthly installment. Fifty States appeals from a judgment, following a nonjury trial, which held the acceleration clause invalid as "a forfeiture provision" and dismissed its complaint. Respondents' default was precipitated by the misaddressing of a letter which contained its rent payment. The envelope was erroneously addressed to the appellant at "248 Porter Avenue, Buffalo, New York", instead of "428 Porter Avenue" as required. As a result of the error, the rent was not timely paid, thus triggering the acceleration clause. The sole question before this court is whether equity will relieve the tenant from the consequences of his mistake. Generally a provision in a lease for real property, which provides that upon a default in paying an installment of rent, the rent for the whole of the term remaining unpaid may be declared due, is valid and enforceable according to its terms and is not in the nature of a penalty *(Conditioner Leasing Corp. v Sternmor Realty Corp.,* 22 AD2d 535, affd 17 NY2d 1; *Belnord Realty Co. v Levison,* 204 App Div 415; 2 Pomeroy's Equity Jurisprudence [5th ed], § 439). Absent a forfeiture or some act by plaintiff which the court would be justified in considering unconscionable, Fifty States is entitled to the benefit of the covenant. Based upon an even more appealing set of facts, the Court of Appeals in *Graf v Hope Bldg. Corp.* (254 NY 1) found no forfeiture. Commenting on its reasons for denying

equitable relief from an acceleration clause in a mortgage, the court stated: "Here there is no penalty, no forfeiture * * * nothing except a covenant fair on its face to which both parties willingly consented. It is neither oppressive nor unconscionable. * * * Defendant's mishap, caused by a succession of its errors and negligent omissions, is not of a nature requiring relief from its default. Rejection of plaintiff's legal right could rest only on compassion for defendant's negligence. Such a tender emotion must be exercised, if at all, by the parties rather than by the court * * * Stability of contract obligations must not be undermined by judicial sympathy". *(Graf v Hope Bldg. Corp., supra,* p 4; see *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630, rearg den 22 NY2d 827.) Although the respondents were unfortunately negligent, their mistake is "not sufficient excuse for a court of equity to refuse to lend its aid to the prosecution of an action based upon an uncontestably clear agreement" *(Graf v Hope Bldg. Corp., supra,* p 5). (Appeal from judgment of Erie Supreme Court—accelerated rent.) Present— Marsh, P. J., Hancock, Jr., Denman, Schnepp and Witmer, JJ.