◼ CHEMICAL BANK, Appellant, v QUEEN WIRE & NAIL, INCORPORATED, Also Known as QUEEN WIRE AND NAIL, INC., et al., Respondents, et al., Defendant.—Order unanimously reversed, with costs, motion granted and matter remitted to Supreme Court, Erie County, in accordance with the following memorandum: Defendant Queen Wire & Nail, Inc., entered into a lease agreement with Chemlease, Inc., on November 11, 1977 whereby it agreed to lease two heavy pieces of machinery used in its business of manufacturing wire products. The term of the lease was 60 months and called for a monthly rental payment of $1,372.24. Defendant Louis W. Kietzman individually guaranteed the payments called for in the lease. On December 23, 1977 the lease agreement was assigned to plaintiff. Critical to the lease agreement and to this lawsuit, besides calling for the monthly payment of rent for the machinery, the lease clearly spelled out that the machinery was to remain at a stated address in Buffalo, New York, and was not to be removed without the written consent of the plaintiff. In the event defendant failed to pay any of the installments of rent or failed to perform any other term of the lease, including nonremoval, plaintiff at its option could declare the remaining unpaid installments of rent immediately due and payable and defendant's right to continue in possession of the machinery was to cease. Title to the equipment remained in plaintiff and upon default of the agreement defendant was obligated to assemble and deliver the leased machinery at a place designated by plaintiff. There is nothing to indicate that this was anything other than an arm's length transaction entered into between the parties. In November or December, 1978, without the knowledge of plaintiff, defendant relocated its manufacturing operations in West Columbia, South Carolina, and moved the leased machinery to this new location without having obtained the consent of plaintiff. Late in January, 1979, upon discovering that the machinery had been removed, plaintiff wrote to defendant advising it that it had defaulted under the lease agreement by removal of the machinery without the bank's consent. Correspondence between the parties indicated that defendant intended to refinance its obligation elsewhere so that it could pay off its obligation to plaintiff within 30 days. These efforts apparently proved unsuccessful and in May, 1979 plaintiff notified defendant that it demanded the accelerated rent payments and the return of the machinery. Upon defendant's failure to comply plaintiff instituted the present action. In its answer defendant denies any default of the terms of the agreement and it further asserts several affirmative defenses including the curing of any default by its continued payment of its monthly obligations through May, 1979 and also that the

bank unreasonably withheld consent to remove the machinery, although nowhere does it appear that such consent was ever sought. It further alleges that the nonremoval clause in the lease lacks materiality. Plaintiff moved for summary judgment. In opposing the motion, defendant Kietzman submitted an affidavit in which defendant again asserted plaintiff's failure to consent to the removal of the machinery and the failure of plaintiff to come forward to explain the materiality of the nonremoval clause to justify acceleration of the indebtedness. Special Term denied the motion. We reverse. On oral argument defendant conceded that this case involves questions of law and that there is no fact question to be determined. It is the responsibility of the court to interpret written instruments (4 Williston, Contracts [3d ed], § 601; *Financial & Real Estate Consulting Co. v State of New York,* 63 AD2d 802). The nonremoval clause in the lease agreement is an integral part of the agreement for it affords plaintiff security within the jurisdiction on the machinery which it owns. In addition, the agreement clearly requires the consent of plaintiff for the removal of the machinery from its named location, not merely notification that the machinery has been removed. Acceptance by plaintiff of monthly payments pursuant to the lease after it learned of the default cannot be construed as a waiver or acquiescence by plaintiff of the default. Both monthly payment and nonremoval were critical to the agreement and a default by defendant in either one or both of these conditions clearly entitled the plaintiff to pursue its contract remedies. Forebearance for a short period of time in order for defendant to attempt to refinance its obligation does not translate into a waiver. Absent a claim of fraud or exploitive overreaching on the part of the plaintiff in compelling performance of its bargained right, the agreement of the parties must be enforced in accordance with its terms *(Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573). Defendant has failed to establish that any fact issue exists which would call for a plenary trial of this action. In opposing a motion for summary judgment, once a prima facie showing has been made, it is incumbent upon a defendant to come forward with matters of an evidentiary nature to demonstrate the presence of a triable issue. The defendant is required to assemble, lay bare and reveal his proofs in order to show that his defenses are real and capable of being established on trial. Conclusory assertions will not defeat summary judgment *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260; *Indig v Finkelstein,* 23 NY2d 728; *HNC Realty Co. v Bayview Towers Apts.,* 64 AD2d 417; *Kahn v City of New York;* 37 AD2d 520, affd 30 NY2d 690; *Holdridge v Town of Burlington,* 32 AD2d 581; 6 Carmody-Wait 2d, NY Prac, § 39:29). Plaintiff's motion for summary judgment is granted and the matter is remitted for an immediate trial on the issue of damages only (CPLR 3212, subd [c]) including mitigation and attorneys' fees. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.