■ AMF, INCORPORATED, Respondent, v DONALD CATTALANI et al., Appellants, and A. F. TADDEO CORPORATION, Third-Party Defendant-Respondent.— Order unanimously modified, by deleting the first decretal paragraph and substituting therefor a direction that summary judgment be granted against defendants-appellants, as to liability only, and a hearing granted on damages, pursuant to CPLR 3212 (subd [c]), and otherwise order affirmed, without costs, and judgment entered thereon vacated. Memorandum: Defendants appeal from an order granting plaintiff's motion for summary judgment and dismissing the third-party complaint. The order directed entry of judgment for plaintiff in the sum of $78,110 plus interest, which represents the contract rental from 1976 through 1982 of bowling equipment leased to

defendant Doncat Enterprises (Doncat). The equipment had originally been leased in 1957 to third-party defendant A. F. Taddeo Corp. (Taddeo) which in 1972 rented its building and assigned the lease of the equipment to Doncat. Defendants Donald and Caroline Cattalani personally guaranteed payment of the amounts due under the lease. Plaintiff consented to the assignment on the condition that Taddeo indemnify plaintiff if Doncat defaulted in its payment. In 1972 and 1974 plaintiff and Doncat executed two amendments to the lease extending its term until 1982. In 1975 Doncat was evicted by Taddeo for withholding rental payments on the building. Thereafter, Taddeo continued to operate the business, making rental payments on the equipment to plaintiff until May, 1976 when at Taddeo's request plaintiff removed the equipment. Plaintiff brought this action against defendants for the rental value of the equipment from 1976 to 1982. Doncat impleaded Taddeo, alleging that the latter was liable for the amount due because of its agreement to indemnify plaintiff. There is no merit to defendant's contention that they had a right to terminate the lease pursuant to a provision of the original lease permitting the lessee of the equipment, if it discontinued the bowling business to request plaintiff to remove the machines and thereby terminate the rental agreement. The provision was specifically deleted by the 1972 and 1974 amendments to the lease and thus was not in effect at the time in question. Nor is there a basis for the argument that defendants should be excused from their obligations because Doncat's eviction by Taddeo rendered performance impossible. The situation allegedly making performance impossible, viz., Doncat's eviction, was created by Doncat's own conduct; Doncat, therefore, is not relieved of its duty to perform (see *Lowenschuss v Kane,* 520 F2d 255, 265; 18 Williston, Contracts [3d ed], § 1959). Dismissal of the third-party complaint was proper. Taddeo's agreement to indemnify plaintiff in the event of a default by Doncat does not relieve Doncat of its obligations. While we agree that the court properly granted summary judgment on the issue of liability, we find that the record presented triable issues of fact on the question of damages including whether plaintiff made reasonable efforts to minimize its loss and that a hearing should have been ordered on this issue (CPLR 3212, subd [c]; see *Chemical Bank v Queen Wire & Nail,* 75 AD2d 999). Plaintiff's complaint stated that in 1976 plaintiff took possession of the equipment; thus plaintiff has had and will have possession of the equipment during the entire six-year period for which it claims damages. It is highly likely that it could, by making reasonable efforts, derive some income therefrom. It is a general rule that "No recovery may be had for losses which the person injured might have prevented by reasonable efforts and expenditures" (25 CJS, Damages, § 33, p 698, quoted in *Wilmot v State of New York,* 32 NY2d 164, 168-169; see *Carrols Equities Corp. v Villnave,* 57 AD2d 1044, mot for lv to app den 42 NY2d 810). Defendants should have an opportunity to demonstrate that plaintiff is not entitled to damages to the extent of the contract rental. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.