■ PAUL D. HOFFMAN, Respondent, v JUNIOR VOGUE, INC., et al., Defendants, and Ms. VOGUE, LTD., et al., Appellants. — Appeal (1) from an order of the Supreme Court at Special Term (Ford, J.), entered August 3, 1981 in Saratoga County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. In October of 1975 plaintiff entered into a written lease with Junior Vogue, Inc., and Joseph Precopio (tenants). The lease was for a period of 10 years and provided for attorney's fees in the event of the tenants' default. On November 25, 1977 the tenants assigned the lease to Ms. Vogue, Ltd. (assignee) without obtaining the

prior written consent of the landlord as required by the lease. In January, 1980, plaintiff landlord received a written notice on behalf of the assignee corporation and signed by Marguerite Di Novo, an officer in the corporation, advising that the assignee was terminating its tenancy and leaving the premises. Plaintiff landlord commenced this action against the tenants, the assignee and Marguerite Di Novo, seeking to recover unpaid rent for the period October 10, 1979 through June 10, 1980. After joinder of issue, plaintiff moved for summary judgment. Defendant assignee and Di Novo cross-moved to dismiss the complaint. Special Term granted plaintiff's motion for summary judgment in the sum of $7,895.28, including attorney's fees, against all defendants. The cross motion was denied. This appeal by defendant assignee and Marguerite Di Novo ensued. Clearly, defendant tenants have no defense that could create an issue of fact so as to deprive plaintiff landlord of summary relief, and they have not appealed. The tenants are liable to the landlord for the rent through privity of contract (*Conditioner Leasing Corp. v Sternmor Realty Corp.,* 17 NY2d 1, 5). Next, although the written assignment of the lease to the assignee was unauthorized, the fact that the assignee entered into possession of the premises and paid rent to the landlord created a relationship of creditor-debtor between the landlord and corporate assignee based on privity of estate so long as the assignee remained in possession (34 NY Jur, Landlord and Tenant, § 254, p 58). The written assignment in conjunction with possession of the premises by the assignee satisfies the requirements of the Statute of Frauds (General Obligations Law, § 5-703). Turning to the breadth of the order and judgment appealed from, we conclude that Special Term erred in granting summary relief against Marguerite Di Novo. There is no evidence in the record to show that Di Novo controlled the corporate assignee, Ms. Vogue, Ltd., or in any way committed any wrong that proximately caused the default in rent by either the tenants, whose obligations for the rent continued as a matter of law despite the assignment, or by the corporate assignee of which she was an executive employee. The absence of such proof forecloses any effort to pierce the corporate veil and fix personal liability on defendant Di Novo. Lastly, we note that the grant of summary relief against the tenants in no way prejudices whatever rights, if any, the tenants may have against the corporate assignee. Order and judgment modified, on the law, by reversing the portions thereof which granted summary judgment against defendant Marguerite Di Novo, and motion denied as to said defendant, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.