■ VANGUARD COMMERCIAL LEASING CORP., Respondent, v PEJMAN DAYANZADEH et al., Appellants.—In an action to recover damages for the breach of an automobile leasing agreement, the defendants appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered October 14, 1987, which upon an order dated August 31, 1987, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $10,697.50. The defendants' notice of appeal from the order dated August 31, 1987, is deemed to be a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages only, and the order August 31, 1987 is amended accordingly.

The papers submitted by the defendants in opposition to the plaintiff's motion for summary judgment failed to establish any triable, material issue of fact on the issue of liability. Specifically, there is no triable issue of fact regarding the existence of a valid automobile leasing agreement, dated November 22, 1985, between the defendants as lessees and the plaintiff as lessor. In addition, the defendants do not dispute that they (1) arranged for the automobile's delivery, (2) signed a delivery receipt incorporating by reference the automobile leasing agreement dated November 22, 1985, and (3) made several monthly payments to the plaintiff pursuant to that agreement, before defaulting on payment in June 1986. The record also indicates that the leased automobile was repossessed by the plaintiff on September 11, 1986.

Nevertheless, the Supreme Court erred in granting the plaintiff judgment in the principal amount of $10,697.50, which included, *inter alia,* the sum of $10,294.50 for 30 unpaid monthly installments under the lease at $343.15 per month,

as requested in the complaint. Paragraph 12 of the automobile leasing agreement provides as follows:

"TERMINATION: This lease shall terminate without notice at Lessor's option, upon the occurrence of one or more of the following events: (a) Lessee shall fail to pay any rent * * * due hereunder.

"Upon termination Lessor may, in its discretion, exercise one or more of the following remedies: (i) terminate the lease on written notice to Lessee, whereupon Lessee shall pay to Lessor, as liquidated damages and not as a penalty, the entire unpaid rental for the balance of the maximum lease period remaining for the Vehicle; (ii) * * * enter upon the premises where the Vehicle is located and take immediate possession thereof, with or without notice and/or process of law * * *; (iii) proceed by appropriate court action to enforce the terms hereof * * * or (iv) exercise any other right or remedy available under applicable law * * *. Each remedy shall be cumulative and in addition to any other remedy referred to above or otherwise available to Lessor. The exercise of one or more of such remedies shall not preclude the simultaneous or later exercise of any or all such other remedies".

However, it has been consistently held that a provision in a lease such as paragraph 12 of the instant lease, although labeled by the parties as one for liquidated damages, is in reality a penalty, and will not be enforced (*Konner Rental Corp. v Pedone*, 50 Misc 2d 69; *Fairfield Lease Corp. v Marsi Dress Corp.*, 60 Misc 2d 363; *Fairfield Lease Corp. v 717 Pharmacy*, 109 Misc 2d 1072, *affd* 117 Misc 2d 304; *see generally, Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 423-425). Under these circumstances, the judgment should be reversed and the matter remitted for a trial on the issue of the actual damages sustained by the plaintiff, including the issue of whether the plaintiff made reasonable efforts to minimize its loss from the time it repossessed the subject automobile (*AMF, Inc. v Cattalani*, 77 AD2d 779; *Chemical Bank v Queen Wire & Nail*, 75 AD2d 999). Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.