■ BARCO AUTO LEASING CORP., Respondent, v ATLAS CO. et al., Appellants.—In an action to recover damages for breach of an automobile lease, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered April 28, 1989, which, inter alia, granted the plaintiff's motion for summary judgment and awarded the plaintiff the aggregate sum of $26,798.84.

Ordered that the order and judgment is affirmed, with costs.

On or about July 10, 1987, the plaintiff agreed to lease to the defendant Atlas Co., a 1987 Nissan automobile, for commercial purposes, at $541.25 per month for 36 months, with an option to purchase at the expiration of the lease term. The lease further provided that the lessee assumed the responsibility for "[a]ny loss to the vehicle from * * * THEFT". The defendant Nissim Mizrachi, who had executed the lease on behalf of the defendant Atlas Co., also individually guaranteed the performance of the lessee thereunder. On June 6, 1988, the vehicle was stolen and destroyed. Thereafter, the plaintiff commenced this action to recover damages.

We find that the Supreme Court properly awarded summary judgment in favor of the plaintiff since there were no outstanding issues of fact which might otherwise warrant a trial. There is no merit to the defendants' contention that the liquidated damages provision in the lease constituted an unenforceable "penalty". Rather, the sums due and owing under this clause bore a "reasonable proportion" (Truck Rent-A-Cen-

*ter v Puritan Farms 2nd,* 41 NY2d 420, 425) to the losses sustained by the plaintiff since it will no longer be possible to lease or sell the vehicle *(cf., Vanguard Commercial Leasing Corp. v Dayanzadeh,* 147 AD2d 557).

The defendants' other contentions do not warrant modification of the order and judgment. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.