■ EXECULEASE CORPORATION, Respondent, v MICHAEL AFSHARI, Defendant and Third-Party Plaintiff-Appellant. KIRSH

KAMATH, Doing Business as ESKAY SYSTEMS, Third-Party Defendant-Respondent. [642 NYS2d 944] —In an action to recover damages for breach of a lease, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated April 13, 1995 which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $18,740.20 plus counsel fees of $7,500.

Ordered that the judgment is affirmed, with costs to the plaintiff-respondent.

The defendant third-party plaintiff (hereinafter the appellant) entered into a contract with the third-party defendant Krish Kamash d/b/a Eskay Systems (hereinafter Eskay) for the purchase of computer hardware and software. In order to finance the purchase, the appellant then entered into an agreement whereby the plaintiff Execulease Corporation (hereinafter Execulease) would purchase the hardware needed and lease it to the appellant. The leasing agreement disclaimed any and all warranties by Execulease. The appellant accepted the hardware under the lease and paid two months' installments. He made no other payments. Several months later, the appellant claimed that he was dissatisfied and returned the hardware. Execulease commenced this action, seeking accelerated payments in accordance with the lease, and the appellant commenced a third-party action against Eskay for indemnification and to recover damages for breach of contract. The Supreme Court held that the hardware was not defective and that Execulease made reasonable efforts to mitigate damages. Thus, concluded the court, Execulease was entitled to accelerated payments equal to the full lease amount.

The appellant contends that the Supreme Court's verdict was against the weight of the evidence. We disagree. The Supreme Court's verdict was supported by a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Pursuant to the financing agreement between the parties, upon the appellant's default Execulease was entitled to accelerate the balance due under the lease (see, Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573; Conditioner Leasing Corp. v Sternmor Realty Corp., 17 NY2d 1). Furthermore, the record shows that Execulease made reasonable efforts to mitigate its damages.

The appellant's remaining contentions are either without merit or not properly before us because they are raised for the first time on appeal (see, CPLR 5501 [a]). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.