Auto-Chlor of NYC, Doing Business as AUTO-CHLOR SYSTEM OF NEW YORK, Appellant, 
against
Mount Fishtail, Inc., Doing Business as NEW MASALA 2 WOK, and LEKHNATH SHARMA, Respondents.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 3, 2014. The order, insofar as appealed from, granted the branch of defendants' motion seeking summary judgment dismissing plaintiff's second cause of action, for accelerated rent pursuant to a liquidated damages clause, and denied plaintiff's cross motion for summary judgment.




ORDERED, that the order, insofar as appealed from, is modified by providing that the branch of defendants' motion seeking summary judgment dismissing plaintiff's second cause of action, for accelerated rent pursuant to a liquidated damages clause, is granted only to the extent of limiting plaintiff's damages thereunder to the actual damages, if any, plaintiff suffered as a result of defendant Mount Fishtail, Inc.'s alleged breach of contract; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff seeks in this action to recover the principal sum of $17,641.86 from defendant Mount Fishtail, Inc. for breach of a "Dishwashing Machine Agreement" (Agreement), pursuant to which plaintiff leased to Mount Fishtail, Inc. a commercial dishwashing machine for use in the New Masala 2 Wok (New Masala) restaurant, and from defendant Lekhnath Sharma on his personal guaranty of the Agreement. Plaintiff's first cause of action seeks to recover alleged back rent. In its second cause of action, plaintiff demands $12,782.94, which is described as an accelerated rental payment due pursuant to a liquidated damage clause set forth in the Agreement. Plaintiff's third cause of action seeks to recover attorney's fees. Following discovery, defendants moved, pursuant to CPLR 3212, for summary judgment dismissing the second cause of action on the ground that it sought to enforce an unlawful penalty provision, and for summary judgment dismissing the complaint in its entirety on the ground that the Agreement was unconscionable. Plaintiff opposed defendants' motion and cross-moved for summary judgment. By order entered July 3, 2014, insofar as appealed from by plaintiff, the Civil Court granted the branch of defendants' motion seeking to dismiss the second cause of action, upon a finding that the accelerated rental payment provision constituted an unenforceable penalty, and denied plaintiff's cross motion.
In their moving papers, defendants stated that defendant Sharma had purchased the [*2]Masala 2 Wok restaurant, had renamed it New Masala, and had created Mount Fishtail, Inc. to serve as its corporate owner. New Masala opened in March 2011. In May 2011, upon learning that the lease for New Masala's dishwasher was being terminated due to the change in ownership of the restaurant, Sharma contacted plaintiff. On May 10, 2011, plaintiff and Mount Fishtail, Inc. entered into the Agreement for the lease of a commercial dishwashing machine. Plaintiff delivered the dishwashing machine to New Masala on May 17, 2011. In September 2011, New Masala closed and plaintiff retrieved the dishwasher.
Under the Agreement, a copy of which was annexed to defendants' moving papers, plaintiff leased a commercial dishwashing machine to Mount Fishtail, Inc. for an initial five-year term, for a base price of $199 per four-week period, plus additional charges for each load in excess of 1,000 loads per four-week period. Plaintiff was also required to provide all dishwashing compounds, maintain the machine, and furnish emergency service without additional charges. The Agreement provided that, in the event of termination, Mount Fishtail, Inc. would be responsible for liquidated damages equal to the entire amount remaining payable under the Agreement for the full remaining term of the Agreement, as well as attorney's fees incurred by plaintiff in connection with its collection efforts. Defendant Sharma personally guaranteed the Agreement.
We agree with the Civil Court that the liquidated damages clause of the Agreement, pursuant to which plaintiff seeks to recover accelerated rent, imposes an unenforceable penalty. A liquidated damages provision in a contract "is an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement" (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424 [1977]). "A provision which requires damages grossly disproportionate to the amount of actual damages provides for [a] penalty and is unenforceable' " (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014], quoting Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d at 424.) The Agreement required plaintiff not only to furnish a dishwashing machine, but also to provide the materials and labor for regular maintenance of the machine throughout the five-year term of the Agreement, and to provide all cleansing compounds necessary for washing dishes. The liquidated damages clause of the Agreement, which required accelerated payment of the full, undiscounted amount due for its entire remaining term, was necessarily disproportionate and constituted an unenforceable penalty, if for no other reason than that it failed to include any discount to reflect the fact that plaintiff would not be providing any goods or services for the remainder of the term of the Agreement (see Vanguard Commercial Leasing Corp. v Dayanzadeh, 147 AD2d 557, 558 [1989]). In light of this conclusion, we find that the Civil Court properly denied the branch of plaintiff's cross motion seeking summary judgment on its second cause of action, in which it sought enforcement of the liquidated damages clause of the Agreement. 
Where a liquidated damages clause is unenforceable as a penalty, the proper recovery is the party's actual damages (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d at 536; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]). Thus, our conclusion that plaintiff is not entitled to recover liquidated damages under the Agreement should not leave plaintiff without a remedy to recover actual damages (see Pyramid Ctrs. & Co. v Kinney Shoe Corp., 244 AD2d 625 [1977]; see also National Telecanvass Assoc. v Smith, 98 AD2d 796, 798 [1983]). Consequently, we reinstate plaintiff's second cause of action to the extent that plaintiff shall be afforded the opportunity to present evidence, if any, of the actual damages it suffered as the result of defendant Mount Fishtail, Inc.'s breach of the Agreement. With respect to plaintiff's first cause of action, which was for the rent that was outstanding at the time when the dishwashing machine was repossessed, as the parties disagreed as to the amount due, the Civil Court correctly concluded that there remained a triable issue of fact, thus precluding an award of summary judgment in favor of plaintiff (see CPLR 3212 [b]). Since there is not yet a prevailing party in this action, the Civil Court also properly denied the branch of plaintiff's cross motion seeking summary judgment on its third cause of [*3]action, for attorney's fees (see generally DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [2015]).
We do not consider plaintiff's contention that Sharma is limited to challenging the authenticity of his signature in disputing his liability under the guaranty, as that claim is made for the first time on appeal.
We reach no other issue.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendants' motion seeking summary judgment dismissing plaintiff's second cause of action, for accelerated rent pursuant to a liquidated damages clause, is granted only to the extent of limiting plaintiff's damages thereunder to the actual damages, if any, plaintiff suffered as a result of defendant Mount Fishtail, Inc.'s alleged breach of contract.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 08, 2016