■ CYBER LAND, INC., Appellant, v CHON PROPERTY CORPORATION, Defendant and Third-Party Plaintiff-Respondent, and JUDITH PITCH et al., Respondents. YU MING HONG, Third-Party Defendant-Respondent. [830 NYS2d 198]—

In an action for specific performance and to recover damages for breach of a commercial lease of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated August 9, 2005, which, inter alia, granted the separate motions of the defendant Chon Property Corporation, the defendants Judith Pitch, individually, and Judith Pitch and Wendy David Burns as trustees of the Wendy David Burns Family Trust, and the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents, appearing separately and filing separate briefs.

The plaintiff was the tenant of commercial premises in Flushing by virtue of an assignment of a 20-year lease which provided, among other things, that rent must be paid by the tenant on the first of every month. The lease also contained a nonwaiver clause, and gave the tenant a right of first refusal should the premises be offered for sale, on the condition that the tenant not be in default during the term of the lease. During the term of its lease, the tenant frequently paid its rent late and failed to pay the full rent that was due in August 2003. The property was sold to the defendant third-party plaintiff Chon Property Corporation (hereinafter Chon). The plaintiff was not allowed to exercise its right of first refusal with regard to the subject premises. The plaintiff subsequently commenced this action against the defendants seeking specific performance and damages. Chon thereafter brought a third-party action against the attorney who represented it relative to the purchase of the property, seeking to recover damages for legal malpractice. The defendants and the third-party defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motions.

The defendants and third-party defendant made a prima facie showing of their entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. "A covenant to pay rent at a specified time . . . is an essential part of the bargain as it represents the consideration to be received for permitting the tenant to remain in possession of the property of the landlord" (*Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 578 [1979]; *see Key Intl. Mfg. v Stillman,* 103 AD2d 475, 483 [1984]). Accordingly, the plaintiff's repeated breaches of the covenant to timely pay rent contained in the lease were not de minimus, but were instead breaches "of a material term of the lease" (*Fifty States Mgt. Corp. v Pioneer Auto Parks, supra* at 575). Notice of such default was not required (*see Fifty States Mgt. Corp. v Pioneer Auto Parks, supra* at 579; *In re Andover Togs, Inc.,* 231 BR 521, 529 [1999]). Furthermore, while the plaintiff is correct that equity may relieve a party against a good faith, de minimus, breach that is promptly cured (*see Fifty States Mgt. Corp. v Pioneer Auto Parks, supra* at 577), the unrefuted evidence indicates that the plaintiff has not paid the complete rent due in August 2003. Accordingly, the Supreme Court properly granted the motion of the defendants and third-party defendant for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either are unpreserved for appellate review or are without merit. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.