■ SISTERS OF CHARITY HEALTH CARE SYSTEM NURSING HOME, INC., Doing Business as BAYLEY SETON HOSPITAL, et al., Appellants, v JACK MICELI, D.D.S., P.C., Respondent. [861 NYS2d 377]—

In an action, inter alia, for a judgment declaring that the defendant may not exercise an option to renew its tenancy pursuant to a certain lease for an additional three-year term by virtue of its failure to pay rent, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 21, 2007, which denied their motion for summary judg-

ment and granted the defendant's cross motion for summary judgment declaring that it validly exercised an option to renew its tenancy pursuant to the lease for a three-year term commencing January 1, 2007.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On January 23, 1992 the parties entered into a lease whereby the defendant, as tenant, agreed to rent the subject premises for use as a dental clinic. The lease included an option to renew for two additional five-year terms, "[p]rovided [the defendant] is not in default under any of the terms of this lease." The defendant successfully exercised those two options to renew. On February 9, 2000 the parties entered into an amendment and extension to the lease (hereinafter the extension agreement), which, inter alia, included an option to renew the lease for an additional three-year term, commencing January 1, 2007. The extension agreement also provided that "[a]ll other terms and conditions" contained in the original lease "shall be and remain in full force and effect."

By letter dated September 25, 2006, the defendant sought to exercise its option to renew its tenancy pursuant to the lease for the additional three-year term, in accordance with the extension agreement. The plaintiffs denied the defendant's request, on the ground that the defendant failed to pay rent from November 1, 2003 through November 30, 2006. According to the plaintiffs, the defendant's failure to pay rent constituted a default under the lease and the extension agreement. The defendant countered, inter alia, that it was entitled to withhold rent because the plaintiffs had failed to maintain and repair the premises and that this resulted in its actual partial eviction from the premises.

The plaintiffs commenced the instant action for a judgment declaring that the defendant may not exercise the option to renew its tenancy pursuant to the lease for an additional three-year term by virtue of its failure to pay rent. Thereafter, the plaintiffs moved for summary judgment and the defendant cross-moved for summary judgment. The Supreme Court denied the motion and granted the cross motion. We modify.

As relevant to this appeal, paragraph 17 of the lease provides, in pertinent part: "Should the demised premises be rendered untenantable and unfit for occupancy, but yet be repairable within ninety days from the happening of said injury, the Landlord may enter and repair the same with reasonable speed,

and *the rent shall not accrue after said injury* or while repairs are being made, but shall recommence immediately after said repairs shall be completed. But if the premises shall be so slightly injured as not to be rendered untenantable and unfit for occupancy, then the Landlord agrees to repair the same with reasonable promptness and in that case the rent accrued and accruing shall not cease or determine but shall be reduced on a pro rata basis for the amount of space so injured and deemed unusable. The Tenant shall immediately notify the Landlord in case of fire or other damage to the premises" (emphasis added).

In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]), the defendant submitted evidence establishing that the premises became flooded, resulting in water damage. Additionally, the defendant adduced evidence showing that the plaintiffs, although notified of the problems, failed to take any measures to repair the premises, despite their obligation under the lease to maintain and repair the premises. Based upon this evidence, a triable issue of fact exists, inter alia, as to whether the premises were rendered "untenantable and unfit for occupancy" or whether they were "so slightly injured as not to be rendered untenantable and unfit for occupancy" within the meaning of paragraph 17 of the lease.

However, the Supreme Court erred in granting the defendant's cross motion for summary judgment, upon finding that the defendant was entitled to equitable relief to prevent forfeiture of the lease. Although a triable issue of fact exists as to whether the defendant was entitled to withhold rent pursuant to paragraph 17 of the lease, the defendant is not entitled to equitable relief. If it can prove that it was not in default of the terms of the lease, the defendant will have an adequate remedy at law, "in which case it will not be entitled to equitable relief" (*Brentsun Realty Corp. v D'Urso Supermarkets,* 182 AD2d 604, 606 [1992]; *see Boyle v Kelley,* 42 NY2d 88, 91 [1977]; *Fisher v Museum of Cartoon Art,* 303 AD2d 548 [2003]). If, on the other hand, it cannot prove that it was entitled to withhold rent, the defendant is not entitled to equity in the first instance, because, under those circumstances, the breach in failing to pay rent over the course of three or more years may not be viewed as "de minimus" and such wrongful conduct would preclude the intervention of equity in favor of the defendant (*see Cyber Land, Inc. v Chon Prop. Corp.,* 36 AD3d 748, 749 [2007]).

The defendant's remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur. [*See* 2007 NY Slip Op 32664(U).]