■ WATERFALLS ITALIAN CUISINE, INC., et al., Appellants, v ROBERT P. TAMARIN et al., Defendants, and VENETIAN CIRCLE, LLC, Respondent. [990 NYS2d 536]—

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to continued possession of certain leased premises, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated March 22, 2013, as granted that branch of the cross motion of the defendant Venetian Circle, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Venetian Circle, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it is denied.

In July 2002, the plaintiff Waterfalls Italian Cuisine, Inc. (hereinafter Waterfalls), by its president, the plaintiff Dennis Zollo, Sr., entered into a 10-year commercial lease pursuant to which Waterfalls, as tenant, leased certain premises owned by the defendants Robert P. Tamarin (hereinafter Tamarin), Lloyd B. Tamarin, Grace Golad, and Steven Lasher to operate a restaurant. The lease provided that Waterfalls had the option to renew the term of the lease by written notification. In April 2011, Tamarin, among others, executed a deed transferring title of the subject premises to nonparty 2008 Victory Boulevard, LLC (hereinafter Victory). In October 2012, Victory executed a deed transferring title of the subject premises to the defendant Venetian Circle, LLC (hereinafter Venetian).

In November 2012, the plaintiffs commenced this action, inter alia, for a judgment declaring that they are entitled to continued possession of the subject premises. The plaintiffs alleged, among other things, that Zollo had advised Tamarin, who acted as the plaintiffs' agent, of the plaintiffs' intent to exercise the option to renew the lease, and that Tamarin provided assurance that the lease term would be renewed, although no exercise of the option was made in writing. Thereafter, the plaintiffs moved to preliminarily enjoin the defendants from taking any steps to terminate their occupancy of the premises during the pendency of the action. Venetian cross-moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it based on documentary evidence. In an order dated March 22, 2013, the Supreme Court, among other things, granted that branch of Venetian's cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, and the plaintiffs appeal from that portion of the order.

"A motion to dismiss based on documentary evidence may be granted only where such documentary evidence utterly refutes the plaintiff's factual allegations, resolves all factual issues as a matter of law, and conclusively disposes of the claims at issue" (*Yue Fung USA Enters., Inc. v Novelty Crystal Corp.*, 105 AD3d 840, 841 [2013] [citations omitted]). Although the documentary evidence conclusively established that the plaintiffs failed to exercise the option to renew in accordance with the express terms of the lease (*see Zurich Depository Corp. v Iron Mtn. Info. Mgt., Inc.*, 61 AD3d 750 [2009]), contrary to Venetian's contention, that evidence failed to conclusively establish that the plaintiffs were not entitled to equitable renewal of the lease. Equity will intervene to relieve a commercial tenant's failure to timely exercise an option to renew in accordance with the terms of the lease where "(1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture by the tenant, and (3) the landlord would not be prejudiced by the renewal" (*Matter of 221-06 Merrick Blvd. Assoc., LLC v Crescent Elec. Acquisition Corp.*, 79 AD3d 896, 896-897 [2010]; *see Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 19 NY3d 223, 225 [2012]; *J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399-400 [1977]).

Here, the record reveals the existence of issues of fact as to whether the plaintiffs' failure to exercise the option in accordance with the terms of the lease resulted from their mistaken belief that alleged discussions with Tamarin were sufficient to exercise the option, whether nonrenewal of the lease would result in the plaintiffs' substantial forfeiture of a benefit as a result of the loss of valuable goodwill that they established at the present location, and whether Venetian would suffer prejudice if the lease were renewed (*see 135 E. 57th St. LLC v Daffy's Inc.*, 91 AD3d 1, 5 [2011]; *Weissman v Adler*, 187 AD2d 647, 648 [1992]; *Pitkin Seafood v Pitrock Realty Corp.*, 146 AD2d 618, 619-620 [1989]; *Tritt v Huffman & Boyle Co.*, 121 AD2d 531 [1986]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied that branch of Venetian's cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur. ■