■ WATERFALLS ITALIAN CUISINE, INC., et al., Appellants, v ROBERT P. TAMARIN, ESQ., et al., Defendants, and VENETIAN CIRCLE, LLC, Respondent. (And a Third-Party Action.) [53 NYS3d 347]—

Appeal from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated January 5, 2016. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendant Venetian Circle, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Venetian Circle, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

In July 2002, the plaintiff Waterfalls Italian Cuisine, Inc. (hereinafter Waterfalls), by its president, the plaintiff Dennis Zollo, Sr., entered into a 10-year commercial lease pursuant to which Waterfalls leased certain premises owned by the defendants Robert P. Tamarin (hereinafter Tamarin), Lloyd B. Tamarin, Grace Golad, and Steven Lasher to operate a restaurant. The lease provided that Waterfalls had the option to renew the term of the lease for an additional 10 years by written notification. In April 2011, Tamarin, among others, executed a deed transferring title of the subject premises to nonparty 2008 Victory Boulevard, LLC (hereinafter Victory), and in October 2012, Victory executed a deed transferring title of the premises to the defendant Venetian Circle, LLC (hereinafter Venetian). In October 2012, Venetian sent a notice to Waterfalls of its intention to terminate the lease.

In November 2012, the plaintiffs commenced this action, seeking, among other things, a judgment declaring that they are entitled to continued possession of the subject premises. The plaintiffs alleged that Zollo had advised Tamarin, who acted as the plaintiffs' agent, of the plaintiffs' intent to exercise the option to renew the lease, and that Tamarin provided as-

surance that the lease term would be renewed, although no exercise of the option was made in writing. In its answer, Venetian asserted several counterclaims, including one which sought a judgment declaring, among other things, that the lease had expired and had not been renewed in writing as required by the lease.

The plaintiffs moved for preliminary injunctive relief, and Venetian cross-moved, among other things, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted it. In an order dated March 22, 2013, the Supreme Court, inter alia, granted that branch of Venetian's cross motion. On appeal, this Court reversed the order dated March 22, 2013, and determined that the documentary evidence submitted in support of Venetian's cross motion failed to conclusively establish that the plaintiffs were not entitled to equitable renewal of the lease (*see Waterfalls Italian Cuisine, Inc. v Tamarin*, 119 AD3d 773 [2014]).

In October 2015, Venetian moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and in its favor on its counterclaims. In an order dated January 5, 2016, the Supreme Court, among other things, granted that branch of Venetian's motion which was for summary judgment on its counterclaims to the extent of directing that Venetian was entitled to a judgment declaring that the lease had expired and had not been renewed in writing as required by the lease. In addition, the court determined that the remedy of equitable renewal was not available to the plaintiffs. Accordingly, the court, in effect, granted that branch of Venetian's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal from that portion of the order which, in effect, granted that branch of Venetian's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

"Equity will intervene to relieve a commercial tenant's failure to timely exercise an option to renew in accordance with the terms of the lease where '(1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture by the tenant, and (3) the landlord would not be prejudiced by the renewal' " (*Waterfalls Italian Cuisine, Inc. v Tamarin*, 119 AD3d at 775, quoting *Matter of 221-06 Merrick Blvd. Assoc., LLC v Crescent Elec. Acquisition Corp.*, 79 AD3d 896, 896 [2010]; *see Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 19 NY3d 223, 225 [2012]; *J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399-

400 [1977]). Here, Venetian failed to eliminate triable issues of fact as to whether the plaintiffs' failure to exercise the option in accordance with the terms of the lease resulted from their mistaken belief that Zollo's alleged discussions with Tamarin were sufficient to exercise the option. Venetian also failed to eliminate triable issues of fact as to whether nonrenewal of the lease would result in a substantial forfeiture by Waterfalls, since Venetian's motion papers included the affidavit of Zollo, who averred that the plaintiffs planned to remain in possession of the subject premises for 40 years to recoup an investment of $1,000,000, and Venetian presented no evidence to support its conclusory assertion that the plaintiffs had recouped that investment. However, Venetian made a prima facie showing that it would be prejudiced by renewal of the lease, since the plaintiffs were paying "well below market rent," and Venetian had procured a more beneficial lease with a different entity. Moreover, Venetian established, prima facie, that Waterfalls defaulted on its obligation to pay rent in accordance with the terms of a letter agreement dated June 26, 2012, which remained in effect after the expiration of the lease term.

In opposition to Venetian's prima facie showing that it would be prejudiced by renewal, the plaintiffs raised triable issues of fact, inter alia, regarding the fair market value of the rent for the subject premises, and as to whether Venetian had notice or should have been aware of the plaintiffs' intention to remain in possession at the time it purchased the premises (*see American Power Indus. v Rebel Realty Corp.*, 145 AD2d 454, 455 [1988]; *Tritt v Huffman & Boyle Co.*, 121 AD2d 531 [1986]). Further, in opposition to Venetian's prima facie showing that Waterfalls defaulted on its rent obligations, the plaintiffs raised triable issues of fact, among other things, as to whether their failure to make certain payments was attributable to Venetian's refusal to accept payment, and whether they substantially complied with their obligation to pay the amounts set forth in the agreement dated June 26, 2012 (*cf. Sisters of Charity Health Care Sys. Nursing Home, Inc. v Jack Miceli, D.D.S., P.C.*, 52 AD3d 805, 807 [2008]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court should have denied that branch of Venetian's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.