L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith (2020 NY Slip Op 07047)





L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith


2020 NY Slip Op 07047


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-12562
 (Index No. 612331/17)

[*1]L & L Associates Holding Corp., respondent,
v
Seventh Day Church of God of the Apostolic Faith, et al., appellants, et al., defendants.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Ralph Branciforte and Christian Browne of counsel), for appellants.
Levy & Levy, Great Neck, NY (Joshua Levy of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Seventh Day Church of God of the Apostolic Faith and John Millwood appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered October 15, 2018. The order denied the motion of the defendants Seventh Day Church of God of the Apostolic Faith and John Millwood for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is affirmed, with costs.
In September 2016, the defendant Seventh Day Church of God of the Apostolic Faith (hereinafter the Church) purchased certain real property located in Valley Stream from the plaintiff. In connection with the transaction, the Church executed a note in the principal sum of $362,500. As security for the note, the Church executed a mortgage in favor of the plaintiff encumbering the property. The defendant John Millwood, the senior pastor of the Church, personally guaranteed the loan.
In November 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, the Church and Millwood (hereinafter together the defendants). The complaint alleged, among other things, that the defendants defaulted on the loan by failing to pay the real estate taxes due in connection with the mortgaged premises. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, alleging that the default was merely technical, and that the Church, upon learning of the tax default, promptly paid the owed taxes. The plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
In an order entered October 15, 2018, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion, determining, inter alia, that the defendants' contention that the complaint should be dismissed insofar as asserted against them in the exercise of the court's equitable powers was without merit. The defendants appeal.
Equity may intervene to prevent a substantial forfeiture occasioned by a trivial or technical breach, or where the default consists of a good faith mistake, promptly cured by the defaulting party, and where there is no prejudice to the creditor (see Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 576-577). Nevertheless, equity will only intervene to prevent a foreclosure in "'rare cases'" involving some element of "'fraud, exploitive overreaching or unconscionable conduct'" by the mortgagee (Key Intl. Mfg. v Stillman, 103 AD2d 475, 477, mod 66 NY2d 924, quoting Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d at 577; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183; FGH Contr. Co. v Weiss, 185 AD2d 969, 971).
Here, we agree with the Supreme Court's determination to deny the equitable relief sought by the defendants. The plaintiff notified the Church of the tax default in September 2017, and that failure to cure the default could result in acceleration of the loan. Contrary to the defendants' contentions, the Church did not promptly cure the default, and two months later, in November 2017, the plaintiff elected to accelerate the debt by commencing the instant action. The failure to pay the real estate taxes constituted a valid basis to accelerate the debt under the terms of the mortgage (see ARS Invs. II 2012-1 HVB, LLC v Trilogy, LLC, 160 AD3d 918, 919; East N.Y. Sav. Bank v Carlinde Realty Corp., 54 AD2d 574, 574, affd 42 NY2d 905). The Church did not cure the tax default until April 2018, approximately seven months after the plaintiff notified the Church of the tax default. Under these circumstances, it cannot be said that the plaintiff's conduct accelerating the debt was unconscionable, or constituted overreaching (see Jamaica Sav. Bank v Cohan, 36 AD2d 743, 744). Sympathy for the defendants cannot be permitted to undermine the stability of contractual obligations (see id. at 744).
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court