| |
|---|
| **Regions Bank v VativoRx, LLC** |
| 2024 NY Slip Op 30331(U) |
| January 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654741/2022 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MELISSA A. CRANE** | PART **60M** |
| *Justice* | |

-----------------------------------------------------------------------------X

REGIONS BANK, BANKUNITED, N.A., FIRST HORIZON BANK, TRUSTMARK NATIONAL BANK, SANTANDER BANK, N.A.,

INDEX NO.     654741/2022

MOTION DATE     N/A, N/A

Plaintiffs,

MOTION SEQ. NO.    009 010 012

- v -

VATIVORX, LLC,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 228, 229, 230, 231, 232, 233, 243

were read on this motion to/for     SUMMARY JUDGMENT(AFTER JOINDER   .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 234, 236, 237, 238, 239, 240, 241, 242

were read on this motion to/for     PARTIAL SUMMARY JUDGMENT   .

This commercial dispute arises from a December 29, 2021 Credit Agreement between Plaintiffs Regions Bank, BankUnited, N.A., First Horizon Bank, Trustmark National Bank, and Santander Bank (collectively, "Plaintiffs"), and Defendant VativoRx, LLC ("Defendant" or "VativoRx"). Plaintiffs allege that Defendant defaulted under the agreement.

## Factual Background

It is undisputed that Plaintiffs and Defendant entered into a Credit Agreement in December 2021, (Doc 189 [Credit Agreement]). Under the Credit Agreement's terms, Plaintiffs, as lenders, extended $105 million in credit to Defendant as a borrower.

Under Section 7.1(b), Defendant was required to deliver to Plaintiffs audited financial statements for its fiscal year ending December 31, 2021. The audited financial statements were to

**654741/2022 REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No. 009 010**

**Page 1 of 14**

[* 1]

"be unqualified as to going concern and scope of audit," and were to be delivered no later than May 30, 2022.  Specifically, Section 7.1(b) provides the following:

> (b)     Audited Annual Financial Statements. Upon the earlier of the date that is one hundred and twenty (120) (or, solely in the case of the Fiscal Year ending on December 31, 2021, one hundred and fifty (150)) days after the end of each Fiscal Year and the date such information is filed with the SEC, (i) the consolidated balance sheets of the Borrower and its Subsidiaries as of the end of such Fiscal Year and the related consolidated statements of income, stockholders' equity and cash flows of the Borrower and its Subsidiaries for such Fiscal Year, setting forth in each case in comparative form the corresponding figures for the previous Fiscal Year, all in reasonable detail and prepared in accordance with GAAP, together with a Financial Officer Certification with respect thereto, and (ii) with respect to such consolidated financial statements a report thereon of independent certified public accountants of recognized national standing selected by the Credit Parties, which report shall be unqualified as to going concern and scope of audit, and shall state that such consolidated financial statements fairly present, in all material respects, the consolidated financial position of the Borrower and its Subsidiaries as of the dates indicated and the results of their operations and their cash flows for the periods indicated in conformity with GAAP applied on a basis consistent with prior years (except as otherwise disclosed in such financial statements) and that the examination by such accountants in connection with such consolidated financial statements has been made in accordance with generally accepted auditing standards;

(Doc 189 [Credit Agreement] at pg. 94, emphasis added)

Under Section 7.12(d)(i), Defendant was required to ensure that its deposit accounts were subject to Account Control Agreements no later than April 28, 2022.  Additionally, under Section 9.1(c), Defendant's failure to comply with either of the foregoing obligations in Section 7.1(b) and Section 7.12(d)(i), is considered an event of default.

Specifically, Section 9.1(c) states:

> (c)     Breach of Certain Covenants. Failure of any Credit Party to perform or comply with any term or condition contained in Section 7.1, Section 7.2, Section 7.6, Section 7.8, Section 7.9, Section 7.12, Section 7.13, Section 7.14 or Section 8; or

(Doc 189 [Credit Agreement] at pg. 109).

Section 9.2 detailed Plaintiffs' contractual rights upon the occurrence of an event of default, including the right and ability to demand <u>immediate</u> repayment of all outstanding obligations without any further notice or cure period. It is undisputed that Defendant did not provide the audited financial statements by the deadline set forth in the Credit Agreement, in violation of Section 7.1(b). It is further undisputed that Plaintiffs then granted defendant two 30-day extensions to deliver the audited financials the Credit Agreement required, but that Defendant nonetheless still failed to provide any final audited financial statements to Plaintiffs. Instead, after the twice-extended deadline had passed, Defendant's auditors provided a "draft, non-final Audit" to Plaintiffs on August 12, 2022. This draft audit also stated that there was "Substantial doubt about the Company's ability to continue as a going concern" because "there can be no assurances that the Company will be able to execute on [their] strategic shift to an alternative [manager] and the ultimate resolution of" certain legal matters (Doc 233 [08/09/23 Email Delivery of Draft Audit] at pg. 7). Thus, to this day, Defendant has failed to provide unqualified, final audited financial statements.

On August 15, 2022, Plaintiffs notified Defendant that an Event of Default had occurred and was continuing under Section 9.1(c) of the Credit Agreement, because Defendant failed to deliver annual audited financial statements without a going concern qualification by the date that was set forth in the underlying Credit Agreement.

On August 26, 2022, the Administrative Agent sent a notice of implementation of default rate. On September 23, 2022, the Administrative Agent sent a notice of acceleration and demanded repayment of the underlying loans. The Administrative Agent's notice of acceleration (Doc 196) outlined the Existing Events of Default, in Schedule A attached to the notice, that included the

**654741/2022  REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No. 009 010**

**Page 3 of 14**

Defendant's breaches of Sections 7.1(b) and 7.12(d)(ii) of the Credit Agreement. Defendant ultimately failed to repay the outstanding loan amounts.

## Procedural Posture

Plaintiffs commenced this case by filing the Summons and Complaint on December 9, 2022. On January 20, 2023, Defendant moved for a preliminary injunction and temporary restraining order to prevent Plaintiffs from exercising potential remedies under the Credit Agreement and the UCC. On January 23, 2023, the court denied Defendant's application for a temporary restraining order (Doc 56). On January 31, 2023, the court denied Defendant's motion for a preliminary injunction (Doc 88 [finding "it is unlikely that [D]efendant will prevail on the merits to demonstrate that [P]laintiffs do not have the right to exercise any and all remedies the Credit Agreement allows in the event of a default"]).

Defendant interposed five counterclaims in its answer: 1) Breach of contract – alleging Plaintiffs exercised remedies without an underlying event of Default; 2) Breach of the implied covenant of good faith and fair dealing – based on the same alleged conduct; 3) Tortious interference with contract – for issuing standard payment demand letters to Defendant's account debtors in accordance with the UCC; 4) Tortious interference with prospective business advantage – for allegedly not cooperating sufficiently with Defendant's efforts to enter into a business relationship with non-party ThirdWaveRX; and 5) a claim seeking a Temporary restraining order, preliminary and permanent injunction.

In Mot. Seq. No. 007, Defendant moved for an order, pursuant to CPLR 3211(a)(7), dismissing Plaintiffs' fraudulent inducement claim. On June 5, 2023, the court granted Defendant's motion in its entirety (Doc 156 [Decision + Order]).

**654741/2022  REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No.  009 010**

**Page 4 of 14**

Plaintiffs now move, pursuant to CPLR 3212, for summary judgment on their breach of contract claim against Defendant, and to strike Defendant's answer and counterclaims. Plaintiffs also ask the court to enter judgment against Defendant, in the amount of $97,875,000, plus interest calculated under the loan documents at the contractual default rate from and after August 26, 2022 through the date of entry of judgment (less interest amounts paid to date) and an inquest to determine the amount of Plaintiffs' expenses and attorneys' fees.

Defendant, in turn, moves for partial summary judgment against Plaintiffs. Defendant seeks an order finding that its purported breaches of the underlying credit agreement were non-material, and that as a result, Plaintiffs have no right to accelerate the underlying loan.

## Discussion

Summary judgment is a drastic remedy that will be granted only when the party seeking summary judgment has established that there are no triable issues of fact (*see* CPLR 3212[b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *DeCintio v Lawrence Hosp.*, 33 AD3d 329, 329 [1st Dept 2006]). To prevail, the party seeking summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law by tendering evidentiary proof in admissible form (*see Olan v Farrell Lines,* 64 NY2d 1092, 1093 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). If the movant makes that initial showing, the burden shifts to the party opposing the motion to rebut that showing by establishing that there are material issues of fact that require a trial (*see Kaufman v Silver,* 90 NY2d 204, 208 [1997]).

The court must scrutinize the motion papers in a light most favorable to the party opposing the motion and must give that party the benefit of every favorable inference (*see Negri v Stop & Shop,* 65 NY2d 625, 626 [1985]). Summary judgment should be denied where there is any doubt as to the existence of a triable issue of fact (*see Ahmad v City of New York*, 129 AD3d 443, 444

654741/2022   REGIONS BANK ET AL vs. VATIVORX, LLC
Motion No. 009 010

Page 5 of 14

5 of 15

[1st Dept 2015]). However, bald, conclusory assertions or speculation and "[a] shadowy semblance of an issue" are insufficient to defeat a summary judgment motion (*Belle Lighting LLC v Artisan Constr. Partners LLC*, 178 AD3d 605, 606 [1st Dept 2019]).

## I.    Plaintiffs' Motion for Summary Judgment [MS 09]

Plaintiffs move for summary judgment awarding them judgment on their breach of contract claim and dismissing Defendant's counterclaims and defenses.

A cause of action for breach of contract requires a Plaintiff to demonstrate "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). "[W]hen parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004] [internal quotation marks and citation omitted]).

### a.   Plaintiffs' Breach of Contract Claim

Here, Plaintiffs have demonstrated entitlement to summary judgment on their breach of contract claim and the dismissal of Defendant's counterclaims (Mot. Seq. No. 009). Defendant has failed to raise a genuine issue of fact in opposition.

First, Plaintiffs have demonstrated that the Credit Agreement (Doc 189 [Credit Agreement]) required Defendant to comply with Section 7.1(b) and Section 7.12(d)(ii), and that Defendant failed to comply with either Section. Specifically, the Credit Agreement required Defendant to deliver annual audited financial statements, without a qualification as to going concern, to the Administrative Agent for the fiscal year ended December 31, 2021, along with related certifications and accompanying documentation, within 150 days of the end of the fiscal year. Defendant, twice, requested extensions of the deadline to provide audited financial

**654741/2022   REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No.  009 010**

**Page 6 of 14**

[* 6]

6 of 15

statements without a qualification as to going concern. Plaintiffs agreed to both those requests in May 2022 and July 2022.

Nevertheless, after those extensions, Defendant produced only draft Financial Statements and a draft audit opinion in August 2022. Further, that draft audit opinion recognized factors that raised doubts as to Defendant's ability to go as a going concern. Thus, it is undisputed that Defendant did not timely deliver the audited financial statements for the year ending December 31, 2021, without a going concern qualification, in contravention of the Credit Agreement. In fact, Defendant <u>never</u> delivered any final audited financial statements (*see* Answer ¶ 66 [admitting that Defendant has "not delivered any such audits"]). At oral argument, Defendant expressly conceded that the failure to provide an unqualified going concern statement from the relevant auditor or accountants was an event of default under the Credit Agreement (Doc 254 [11/6/23 Transcript] at 14).

Additionally, Plaintiffs have adequately established that Defendant breached Sections 7.12(d)(i) and 7.16 of the Credit Agreement by failing transfer their bank accounts to Regions Bank.

Defendant also defaulted under the Credit Agreement by failing to repay the underlying Loans once they were accelerated. Under Section 9.2 of the Credit Agreement, upon the occurrence and during the continuance of any Event of Default, the Administrative Agent may call all revolving and term loans due at the request of, or with the consent of, the Required Lenders. It is undisputed that the Administrative Agent, at the direction of the Required Lenders, notified Defendant of Plaintiffs' rights under Section 9.2 of the Credit Agreement and demanded immediate payment in full of Defendant's Obligations (*see* Answer ¶ 70).

**654741/2022 REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No. 009 010**

**Page 7 of 14**

[* 7]

7 of 15

Further, Section 9.1(a) of the Credit Agreement defines an Event of Default to include the failure by Defendant to pay the principal of any Loan when due, whether at stated maturity, by acceleration, or otherwise. Accordingly, under the Credit Agreement's relevant terms, Plaintiffs were entitled to accelerate the entire debt due upon Defendant's failure to adhere to its contractual obligations (*Letter Grade, Inc. v Jasmine Tech., Inc.*, 50 AD3d 383, 384 [1st Dept 2008] citing *Fifty States Mgt. Corp. v. Pioneer Auto Parks,* 46 N.Y.2d 573, 577 [1979]).

Thus, Plaintiffs established prima facie entitlement to judgment as a matter of law on their breach of contract claim. In addition, Plaintiffs demonstrate that Defendant owes the $97,875,000 outstanding principal balance, together with interest at the contractual default rate from August 26, 2022 (less any interest payments made by Defendant since that date). Plaintiffs' submissions establish that, as of August 9, 2023, Defendant owed $3,518,870.21 for unpaid default interest [*i.e.,* the total default interest accrued from 8/26/22-8/9/22, $9,800,811.58, less the $6,281,941.37 in regular interest paid by Defendant during that period] (*see* Docs 197-199).

### b. **Defendant's Opposition to MS 09**

#### i. **Waiver**

In opposition to this motion, Defendant argues that Plaintiffs are precluded as a matter of law from asserting either claimed breach because the Plaintiffs waived strict compliance with the deadlines (Doc 228 [MOL In Opposition] at pg. 1). Defendant contends that, with respect to the alleged Breach of Sections 7.12(d)(ii) and 7.16, Plaintiffs waived any failure to comply strictly with the imposition of the Account Control Agreements and transfer to Regions. Defendant contends Plaintiffs only later tacked this purported default onto the Plaintiffs' assertion of the Audit Default (Doc 228 [MOL In Opposition] at pg. 2). Defendant also argues that, by extending

**654741/2022  REGIONS BANK ET AL vs. VATIVORX, LLC**
Motion No. 009 010

**Page 8 of 14**

8 of 15

[* 8]

the deadline for audited financials twice, Plaintiffs waived strict compliance with the Audit deadline.

Defendant's waiver arguments are unavailing. Under Section 11.4(a) of the Credit Agreement, "no amendment, modification, termination or waiver of any provision of the Credit Documents, or consent to any departure by any Credit Party therefrom, shall in any event be effective without the written concurrence of the Administrative Agent and the Required Lenders." Additionally, Section 11.4(d) provides that "[a]ny waiver or consent shall be effective only in the specific instance and for the specific purpose for which it was given." Section 11.8 also provides that "n[o] failure or delay on the part of [Plaintiffs] in the exercise of any power, right or privilege hereunder…shall impair such power, right or privilege or be construed to be a waiver of any default or acquiescence therein." True to the Credit Agreement, both prior extensions were in writings that the parties signed. Any further extension needed to be in writing, and Plaintiffs needed to sign that writing. This did not occur.

Nothing in Plaintiffs' conduct manifested an intent to waive their rights under the Credit Agreement. Even if an oral amendment to the Credit Agreement were possible, Defendant does not submit admissible evidence demonstrating that Plaintiffs offered any oral assurances they would further extend the Audit Deadline.

### ii. Equity

Defendant also argues that equitable principles preclude the acceleration as an unconscionable penalty. Specifically, they argue that the Audit Breach is a trivial or technical breach, and that the inadvertent nature of the Audit Breach and the Plaintiffs' involvement in precipitating the breach justifies equity intervening to prevent the requested remedy of acceleration.

**654741/2022  REGIONS BANK ET AL vs. VATIVORX, LLC**                                    **Page 9 of 14**
**Motion No.  009 010**

9 of 15

"Equity may intervene to prevent a substantial forfeiture occasioned by a trivial or technical breach, or where the default consists of a good faith mistake, promptly cured by the defaulting party, and where there is no prejudice to the creditor (*L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith*, 188 AD3d 1180 [2d Dept 2020] [internal citations omitted]). Defendant does not allege or present any evidence that Plaintiffs have engaged in fraud, exploitive overreaching or unconscionable conduct (*see Fifty States Mgt. Corp. v Pioneer Auto Parks, Inc.*, 46 NY2d 573, 577 [1979] ["Absent some element of fraud, exploitive overreaching or unconscionable conduct on the part of the landlord to exploit a technical breach, there is no warrant, either in law or equity, for a court to refuse enforcement of the agreement of the parties."])

Defendant's inability to provide audited financial statements, with unqualified going concern language, demonstrates that Defendant is not a financially stable entity. Defendant cannot argue its breaches of the Credit Agreement were inadvertent, the result of a good faith mistake, or that Plaintiffs contributed to its inability to provide a clean final audited financial statement by the underlying Audit Deadline. Defendant does not deny that it was aware of the Audit deadline. It is also undisputed that Defendant missed the twice extended deadlines.

Plaintiffs' refusal to grant another retroactive extension after the Audit Deadline had passed in no way contributed to Defendant's failure to deliver unqualified audited financial statements by the July 29, 2022 deadline. Defendant also does not assert that it was unaware of its obligation to institute Account Control Agreements, or that Plaintiffs somehow prevented it from doing so.

As such, no circumstances warranting equitable intervention are present (*see e.g. Fifty States Mgt. Corp. v. Pioneer Auto Parks*, 46 N.Y.2d 573, 576–577 [1979]; *1029 Sixth v. Riniv Corp.*, 9 A.D.3d 142, 149–150 [1st Dept. 2004], *lv. dismissed* 4 N.Y.3d 795, 795 N.Y.S.2d 170, 828 N.E.2d 86 [2005]).

**654741/2022   REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No.   009 010**

**Page 10 of 14**

### iii. **Materiality of Breaches**

Finally, Defendant argues that Plaintiffs are not entitled to the remedy of acceleration because Defendant's breaches were not material. Defendant contends that the Audit Breach is not material because it does not involve a breach of Defendant's primary financial obligations to repay the loan. Defendant further contends that the account breach is not material because it performed the essential part of the bargain, i.e. it made payments. Moreover, Defendant did eventually move their bank accounts over to Regions, albeit grudgingly and pursuant to court order.

However, the court rejects Defendant's arguments. The breaches were clearly material. A breach is considered material if it is "substantial enough to defeat the parties' objectives in making the contract" (*Alberts v CSTV Networks, Inc.*, 96 AD3d 447, 447 [1st Dept 2012]). Defendant's argument ignores the purpose of Section 7.1(b) and Section 7.12(d)(i) in the context of the underlying credit facility and Credit Agreement. The requirements to provide audited financial statements and implement Account Control Agreements protected the lenders by giving visibility into the borrower's financial condition and permitting the lender to exercise remedies as quickly as possible in the event of a downturn in the borrower's business.

Defendant's failure to meet those obligations under the Credit Agreement significantly undermined Plaintiffs' security. Plaintiffs required audited financial statements without a qualification as to Defendant's ability to continue as a going concern to ensure that Defendant could meet its financial obligations under the Credit Agreement. Defendant's inability to provide compliant audited financial statements, after receiving multiple extensions from the Plaintiffs, reflected Defendant's poor financial condition and amount to a material breach.

In addition, Defendant's failure to implement required Account Control Agreements deprived Plaintiffs of the ability to exercise their respective rights upon Defendant's defaults. As

**654741/2022   REGIONS BANK ET AL vs. VATIVORX, LLC**                **Page 11 of 14**
**Motion No.  009 010**

11 of 15

such, Defendant's breaches of the Credit Agreement were material and sufficient grounds for Plaintiffs to accelerate the loans.

Accordingly, Plaintiffs are awarded judgment on their contract claim and Defendant's defenses are dismissed.

### c. **Defendant's Counterclaims**

Plaintiffs have also established that they are entitled to summary judgment dismissing Defendant's counterclaims. In its answer, Defendant asserts the following five counterclaims: (1) breach of contract for Plaintiffs alleged improper acts without an underlying Event of Default; (2) breach of the implied covenant of good faith and fair dealing (based on the same); (3) tortious interference with contract for Plaintiffs' issuance of payment demand letters to account debtors; (4) tortious interference with prospective business advantage for purportedly interfering with Defendant's business efforts with a nonparty [ThirdWaveRx]; and (5) a claim seeking a temporary restraining order, preliminary and permanent injunction. In sum, Defendant's counterclaims largely assert that Plaintiffs improperly declared a default under the agreement.

As set forth above, Plaintiffs have established that they properly declared a default under the agreement, and Defendant has not raised a triable issue of fact. Thus, Defendant's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing are dismissed. Defendant's fifth cause of action for injunctive relief must be dismissed for the same reasons.

Likewise, Plaintiffs have established that they are entitled to summary judgment dismissing the tortious interference claims. Plaintiffs, as Defendant's creditors, are not liable for the alleged tortious interference because they were protecting their own interests. Moreover, Defendant does not establish that Plaintiffs acted with malice or by fraudulent or illegal means (*White Plains Coat*

**654741/2022 REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No. 009 010**

**Page 12 of 14**

*& Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *E.F. Hutton Intern. Assoc. Ltd. v Shearson Lehman Bros. Holdings, Inc.*, 281 AD2d 362, 362 [1st Dept 2001] ["To overcome the defense of economic justification . . . [Defendant] must establish 'either malice on the one hand, or fraudulent or illegal means on the other.'"] [citation omitted]).

### d. **Attorneys' Fees**

Plaintiffs are also entitled to recover costs, including their reasonable attorneys' fees, under Section 11.2 of the agreement. The issue of Plaintiffs' costs and attorneys' fees is severed and shall continue at an inquest.

### II. **Defendant's Motion for Partial Summary Judgment [MS 10]**

Defendant's arguments in support of its partial summary judgment motion mirror its opposition to Plaintiffs' motion. The court has reviewed Defendant's submissions and finds that Defendant has not established prima facie entitlement to judgment as a matter of law.

### **Conclusion**

As set forth above, Plaintiffs established their prima facie entitlement to judgment as a matter of law with respect to their breach of contract claim, and Defendant failed to raise a triable issue of fact. Further, Plaintiffs are entitled to summary judgment dismissing Defendant's affirmative defenses and counterclaims. The issue of Plaintiffs' costs and reasonably attorneys' fees is severed and shall proceed to an inquest. Defendant's partial motion for summary judgment is denied. As a result of this decision, Defendant's motion 12, for contempt, has been rendered moot.

The court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is

**654741/2022  REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No.  009 010**

**Page 13 of 14**

13 of 15

[* 13]

**ORDERED** that Plaintiffs' motion for summary judgment (Mot. Seq. No. 009) is granted, and the Clerk is directed to enter judgment in favor of Plaintiffs and against the Defendant in the amount of $101,393,870.21, together with interest at the contractual default rate of $32,178.08 per diem from August 10, 2023 until the date of this decision and order, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that Defendant's partial motion for summary judgment (Mot. Seq. No. 010) is denied; and it is further

**ORDERED** that Motion Sequence No. 012, for contempt, is denied as moot; and it is further

**ORDERED** that the court will hold an inquest to determine the amount of Plaintiffs' recoverable expenses and attorneys' fees under the Agreement. The parties must appear for a conference over Microsoft Teams on **2/9/24 at 11:00 a.m.** to set a schedule for the inquest.

| **1/26/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **MELISSA A. CRANE, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654741/2022 REGIONS BANK ET AL vs. VATIVORX, LLC**
**Motion No. 009 010**

**Page 14 of 14**

[* 14]

14 of 15